**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RECEIVED MAR 2 3 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA
FILED
JAN 27 2006
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>RICARDO CRUZAGOSTO,<br><br>Defendant - Appellant. | No. 04-30165<br><br>D.C. No. CR-02-00100-A-HRH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
H. Russel Holland, Chief Judge, Presiding

Argued and Submitted July 14, 2005
Anchorage, Alaska

Before: GOODWIN, BRUNETTI, and W. FLETCHER, Circuit Judges.

Ricardo Cruzagosto appeals both his conviction for conspiracy to possess

and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and

---

\* This disposition is not appropriate for publication and may not be cited
to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

846, and his mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). We affirm the conviction but vacate the sentence and remand for resentencing.

**1.** On Cruzagosto's sole challenge to his conviction, we conclude that the district court properly denied his request that the jury be given a "multiple conspiracies" instruction. Because Cruzagosto was tried alone, there was no possibility of prejudicial spillover requiring such instruction. *United States v. Anguiano*, 873 F.2d 1314, 1317-18 (9th Cir. 1989).

**2.** The government's notice of convictions to be relied upon at sentencing satisfies 21 U.S.C. § 851. The second line item lists arrest information, but the notice also expressly states that the listed offenses are "convictions to be relied upon for sentencing." The information listed in the second line item is also accurate and constitutes "sufficient facts [to enable] a rational defendant [to] identify the prior conviction and make an informed decision about whether to challenge the substance of the information." *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc).

**3.** The district court's finding that Cruzagosto has two prior felony drug convictions for purposes of sentencing under 21 U.S.C. § 841(b)(1) does not violate the Sixth Amendment. Determining the mere fact of a prior conviction remains within the province of the sentencing judge. *See United States v. Von*

*Brown*, 417 F.3d 1077, 1078-79 (9th Cir. 2005) (per curiam). Also, the certified records of conviction submitted to and considered by the district court prior to sentencing—the "Certificate of Conviction" and "Sentence and Commitment" for the 1998 conviction, and the "Certificate of Disposition" for the 1996 conviction—are sufficient to support the district court's findings.

**4.** The district court did err, however, in sentencing Cruzagosto to a term of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based on the sentencing judge's finding of the drug quantity particularly attributable to Cruzagosto under a clear and convincing standard of proof. *See United States v. Banuelos*, 322 F.3d 700, 704-05 & n.3 (9th Cir. 2003) (holding that such an application of § 841(b)(1) violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *United States v. Velasco-Heredia*, 319 F.3d 1080, 1085 (9th Cir. 2003) (same). This conclusion turns on the fact that the sentence imposed exceeds the otherwise applicable statutory maximum, which is 30 years imprisonment based on an undetermined quantity of cocaine base and Cruzagosto's prior felony drug convictions. *See* 21 U.S.C. § 841(b)(1)(C); *see, e.g.*, *Banuelos*, 322 F.3d at 705. Under *Apprendi*, the imposition of a heightened sentence under § 841(b)(1) based on drug quantity requires either an admission or a jury finding upon proof beyond a reasonable

doubt. *See United States v. Thomas*, 355 F.3d 1191, 1202 (9th Cir. 2004); *Velasco-Heredia*, 319 F.3d at 1086.

We need not address the impact of *United States v. Booker*, 543 U.S. 220 (2005), because this case involves a mandatory minimum exceeding an otherwise applicable statutory maximum, rather than a guidelines maximum, and is controlled by our pre-*Booker* precedents cited above. We also reject the government's argument that these precedents are contrary to *United States v. Harris*, 536 U.S. 545 (2002) (holding that *Apprendi* is inapplicable to mandatory minimums under 18 U.S.C. § 924(c)), and now *United States v. Dare*, 425 F.3d 634 (9th Cir. 2005) (same, following *Harris* post-*Booker*). This court has already determined that applying *Apprendi* to drug quantity determinations under 21 U.S.C. § 841(b)(1) is consistent with *Harris*. *See Velasco-Heredia*, 319 F.3d at 1084-85.

Cruzagosto preserved his *Apprendi* objection in a memorandum filed with his requested jury instructions. Because Cruzagosto's life sentence violates *Apprendi*, we must vacate the sentence and remand for resentencing based on an undetermined drug quantity. *See Velasco-Heredia*, 319 F.3d at 1086-87.

**Conviction AFFIRMED, sentence VACATED and REMANDED for resentencing.**

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST
MAR 20 2006
by: Deputy Clerk