HON. H. RUSSEL HOLLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA
AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> RICARDO CRUZAGOSTO, D-3, ) <br> ) <br> Defendant. ) | No. A02-0100 CR (HRH) <br><br> DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM AFTER REMAND <br><br> Sentencing: 06/19/2006 |

I. CRIME OF CONVICTION

The defendant was convicted of Count 1, Conspiracy to Possess and Distribute a Controlled Substance. The defendant was acquitted of Count 3. Count 5 was dismissed by the government prior to trial. On April 12, 2004, the Court sentenced the defendant to a mandatory life term. The defendant appealed.

The Ninth Circuit Court of Appeals affirmed the defendant's conviction but vacated his sentence and remanded for a full re-sentencing. According to the Ninth Circuit, the defendant was convicted of a drug conspiracy but not the one charged in the indictment. Rather the defendant was convicted of a drug conspiracy involving an undetermined quantity of

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

cocaine base pursuant to 21 USC § 841(b)(1)(C). Unlike the original charge, the offense of conviction does not authorize a mandatory life term; nor does it authorize any mandatory minimum sentence. Since Mr. Cruzagosto had a prior drug conviction, the maximum term for the offense of conviction is 30 years making it a Class B felony.

II. INTRODUCTION TO DEFENDANT'S GUIDELINE CALCULATIONS

The law of sentencing has changed markedly since the defendant was sentenced in 2004. Whereas the sentencing guidelines were mandatory and binding on the Court then, because of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), they are advisory now. Although correct computation of a defendant's sentencing guidelines is still the *sine qua non* of imposing a lawful sentence, the Court must weight and consider the all the sentencing factors in 18 USC § 3553(a) in arriving at a sentence that is sufficient, but not greater than necessary, to comply with the purposes of punishment.

III. DEFENSE SENTENCING GUIDELINE CALCULATIONS

A. BASE OFFENSE LEVEL

When last before the Court the defense argued for a base offense level of 26. The defense arrived at this calculation using the drug quantity attributable to more than 500 G but less 2 KG of powder cocaine. The defense contended this level

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

would hold the defendant responsible for the powder cocaine he admitted he distributed in his post arrest statement.

Back then the Court indicated it would have found a higher offense level but this statement the defense submits was more musing than a finding of fact since the defendant's sentence was based on the Court's erroneous perception that it was bound by statute to impose a mandatory life term. Because of Apprendi[1] considerations, however, the Ninth Circuit opined that although the defendant had been convicted of Conspiracy to Possess and Distribute a Controlled Substance he was not personally responsible for any particular quantity of cocaine base. Accordingly this Court must now re-sentence without regard to 21 USC § 841(b)(1)(A), 21 USC § 841(b)(1)(B) or 21 USC § 851.

Given the Ninth Circuit Memorandum Opinion the defense contends Mr. Cruzagosto's base offense level is 24 (least 4 G but less than 5 G cocaine base). This, the defense submits, is the highest offense level that can be supported by judicial fact finding. The defense specifically requested the Court allow a jury finding on drug quantity. A jury finding would have been "beyond a reasonable doubt" and consistent with the defendant's Sixth Amendment right to trial by jury. The

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

government objected to this approach. The Court erroneously sustained the government's objection. If the Court now holds the defendant accountable for more that 5 G cocaine base, the defense contends it will be engaging in the same sort of impermissible judicial fact finding found unconstitutional in Blakely [2] and Booker; see also United States v. Ameline, 400 F.3d 646 (9th Cir.2005)(imposition of sentence based on judge's finding of material sentencing facts violated defendant's Sixth Amendment right to jury trial).

The Ninth Circuit has spoken. It said the defendant could not be sentenced based on a judicial fact finding of drug quantities that triggered any mandatory term of incarceration. The defense contends that judicial fact finding which would have the effect of holding the defendant accountable for more than 5 G cocaine base, especially after the defense properly asked that the jury be permitted to find drug quantity, would be an impermissible end run around the Ninth Circuit's Memorandum Opinion and the defendant's right to trial by jury.

B. MITIGATING ROLE ADJUSTMENT

The defense contends that the defendant should receive a -2 level mitigating role adjustment. A determination of the defendant's role in the offense is "heavily dependent upon the

---

[2] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

facts of the particular case," § 3B1.2, Background Note. A minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2, Application Note 3. The application note explains that a defendant who plays a minimal role in concerted activity is one who is among the least culpable of those involved in the group conduct. The scope of relevant conduct on which a downward adjustment may be based is not restricted to the relevant conduct that is included in determining the defendant's base offense level. See United States v. Demers, 13 F.3d 1381, 1383 (9th Cir.1994); United States v. Webster, 996 F.2d 209 (9th Cir.1993).

The evidence established by the preponderance of evidence standard that the defendant was a low level "errand boy-runner" for Edgar Contreras, Marcos Bisono and others. The defendant was in Anchorage in the first place because Edgar Contreras brought him here from the east coast. The defendant had no decision-making role in the Climaco-Contreras-Bisono Drug Trafficking Organization and he never negotiated price or drug quantity on its behalf. The defendant was relegated to handling expendable jobs for the organization such as living at the stash house and, to the extent he helped the organization, it was minimal like filling in when Bisono was unavailable. Unlike Climaco, Contreras and Bisono, the

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

defendant's drug earnings were mere "chump change" and bore no relationship to scope or the overall success of the Climaco-Contreras-Bisono Drug Trafficking Organization.

Because of the jury's verdict, the Ninth Circuit concluded that Mr. Cruzagosto could not be held legally accountable for higher levels of powder cocaine or higher quantities of cocaine base (that is, more than 50 grams of cocaine base, or even more than 5 grams of cocaine base). However, Carlos Climaco, Edgar Contreras, Marcos Bisono, Jose Paredas, Andrea Amada, Gabriel Perea and others, members of this and the related drug trafficking organizations, admitted and were held accountable for these greater drug amounts in their guilty pleas and plea agreements.

## C. ACCEPTANCE OF RESPONSIBILITY

The defense contends that the defendant accepted responsibility for his criminal conduct and should receive a -2 level downward adjustment. Mr. Cruzagosto never denied the essential elements of guilt. The defendant not only admitted guilt, he gave a post arrest confession of guilt. After indictment the defendant also provided the government two lengthy protected proffers in an effort to strike a plea agreement.[3] In the end, however, Mr. Cruzagosto was forced to

---

[3] ... [n]o limitation shall be placed on the information concerning the background, character, and <u>conduct</u> of a person convicted of an offense

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

trial because he continued to dispute drug quantities the government demanded he acknowledge and accept if it were going to offer him any plea agreement at all.

Both the jury and the Ninth Circuit agreed with defendant. Although Mr. Cruzagosto was guilty of participating in a conspiracy to possess and distribute controlled substances, he was not legally responsible for the government's excessive calculation of drug quantities. The defense contends that when a defendant admits guilt but is forced to trial in order to dispute drug quantities, and then prevails in his position as was the case here, the case law allows an acceptance of responsibility adjustment. See United States v. Ward, 96 Fed.Appx. 615, 629 (10th Cir.2004); United States v. Mitchell, 49 F.3d 769, 784 (D.C. Cir.1995).

### D. TOTAL OFFENSE LEVEL

The defense calculates the defendant's Total Offense Level under the advisory sentencing guidelines as 20.[4] The defense concurs with Probation computation that the defendant's advisory CHC is IV. Total Offense Level 20, CHC IV

---

which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. 21 USC § 850.

[4] Base Offense Level 24; -2 mitigating role adjustment; -2 acceptance of responsibility adjustment. *Assuming arguendo* the Court opts to accept probation's calculation of base offense level as 36, but nonetheless finds the defendant a minor participant, the base offense calculation would be 36 -3 or 33 (§ 2D1.1(a)(3)(ii); -2 mitigating role adjustment; -2 acceptance of responsibility for a Total Offense Level 29. Total Offense Level 29, CHC IV yields an advisory guideline sentence of 121-151 months.

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

yields an advisory guideline range, before any departures or consideration of variances, of 51-63 months.

IV. DOWNWARD DEPARTURE

A. SENTENCING DISPARITY AND PREJUDICIAL PROSECUTORIAL PLEA BARGAINING PRACTICES

The Court sentenced co-defendant Edgar Contreras to 97 months. The Court sentenced co-defendant Marcos Bisono to 57 months. It is beyond question that both Contreras and Bisono, as wells as Carlos Climaco and the rest of the Class 1 drug defendants in the related indictment [A02-0023 CR (JKS)] arising out of this investigation, were higher in the drug distribution hierarchy than was the defendant. Consideration of the sentences imposed on co-defendants convicted of the same offense provides a lawful basis for a departure. See Koon v. United States, 518 U.S. 81, 99-100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996).

True, Climaco, Contreras and Bisono testified against the defendant, a lesser participant and coconspirator, and the three benefited by a § 5K1.1 motion at their sentencing hearings. Although rare a downward departure to equalize the sentence disparity between a cooperating defendant and non-cooperating co-defendant is permissible in certain cases. See United States v. Caperna, 251 F.3d 827, 832 (9th Cir.2001). This should be so here where the government's plea negotiating

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

practices allowed it to obsessively and blindly pursue, without any guiding judicial oversight, an arbitrary drug quantity it demanded a low ranking defendant like Mr. Cruzagosto acknowledge and admit if he were to receive any plea agreement at all.

The purpose of the Sentencing Commission was to establish guidelines that avoided unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct. See 28 USC § 991(b)(1)(B). As the Commission explained, "Congress sought reasonable uniformity in sentencing by narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders." U.S.S.G. Ch. 1, Pt. A, p.s. 3.

The case law allows the Court to take into account that Climaco, Contreras, Bisono and others were more culpable than Mr. Cruzagosto, a small time drug dealer at best, and yet each of them received a significantly lesser sentence than 10 years. Here the government argues for a greater sentence although Mr. Cruzagosto was ultimately convicted by the jury of *lesser not similar* criminal conduct!

The case law provides the Court discretionary authority to downwardly departure based on prosecutor's practices in plea bargaining. The discretion to depart exists when the government's behavior directly results in prejudice to a

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

defendant which is significant enough to take the case out of the heartland of cases. Forcing a low ranking member of a drug trafficking conspiracy to trial if he did not bend to its will, under the threat of a mandatory life term, is just such a repugnant practice. See United States v. Ringis, 78 F.Supp.2d 905, 931 (N.D.Iowa, 1999). Here, the defendant was forced to trial because of the prosecutor's haughty "take it or leave it" plea bargaining attitude.

B. OVERREPRESENTATION OF CRIMINAL HISTORY

The defense contends CHC IV is over-representative of the defendant's criminal history. The defense contends that CHC III more accurately reflects the defendant's criminal history. Although the defendant has 9 criminal history points, 7 of those points arise from "stale" state convictions between 9 and 13 years old. The remaining 2 points arose because the defendant was on escaped status at the time of his arrest. See § 4A1.1(e).

The guidelines and case law permit a downward departure when "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3 *Commentary*, Note 3; see also United States v. Baker, 804 F.Supp. 19, 22 (N.D.Cal. 1992)(reducing criminal history category from III to I for defendant with prior

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

convictions for giving false information and grand theft auto, and two additional points for committing offense of conviction while on probation).

## V. VARIANCE SENTENCE - 18 USC § 3553(a)

In Booker, the Supreme Court directed sentencing judges to consider the guideline range, as well as the other factors enumerated in 18 USC § 3553(a). Booker instructs sentencing courts to make individual sentencing decisions grounded in all of the factors set forth in 18 USC § 3553(a). Id. Although one of these factors is "the kinds of sentence and the sentencing range established" by the now-advisory guidelines, 18 USC § 3553(a)(4), sentencing courts must "take account of" and consider "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need "to reflect the seriousness of the offense," provide "just punishment," "afford adequate deterrence," "protect the public," and "_avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct._" 18 USC § 3553(a).(emphasis added) Only sentences that "reflect" all of these § 3553(a) factors — whether falling within or outside the guideline range — comply with Congress's statutory mandate. See Booker, 125 S.Ct. at 765;

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

Mr. Cruzagosto is a 36 years old Hispanic male who is a citizen of the Dominican Republic. He has lived without lawful status in the United States [and the United States territory of Puerto Rico] since 1989 under a variety of alias names and social security numbers. The defendant is married but separated from his wife since 1998. The defendant has one child as a result of that union. Since 2003 Mr. Cruzagosto has been involved with a local Alaska resident, Alicia Espinosa.

Despite his illegal status the defendant has maintained a documented work history. As might be expected the jobs he has held have been low paying ones with no career prospects. Since his sentencing in 2004 the defendant has maintained employment while in the BOP and he has successfully participated in those rehabilitative programs available to him. After completing his sentence the defendant will be deported.

The defense contends that although most, if not all, of those defendants similarly situated and similarly prosecuted for drug trafficking were more involved in the procurement and distribution of controlled substances, the government is seeking its most punitive sentence against this defendant. Cruel indeed would be a sentence where the Court gave ear to the government's obsession with punishment but not an equal part heart to the defendant's difficult life circumstances and future life prospects in arriving at its sentencing decision.

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

## VI. DEFENSE RECOMMENDATION

The Court expressed dismay at the defendant's original sentencing regarding its perception that it lacked discretion to fashion a reasonable and just sentence. The Court found itself straight jacketed by the mandatory application of 21 USC § 841(b)(1)(A) and 21 USC § 851. When the Court voiced these concerns to the government, they fell upon deaf ears.

The sentencing paradigm has changed. The defense contends the circumstances presented do not mandate, require or even permit the Court impose a punitive sentence of draconian length, as urged by the government, to be faithful to the Court's responsibilities, the sentencing considerations set forth in 18 USC § 3553(a) and the defendant's Sixth Amendment right to trial by jury.

The defendant has lived under the weight of a mandatory life term for the past two years. This has taken a toll on his emotional well being. Like nothing else could the now vacated life sentence caused Mr. Cruzagosto to reconsider and re-evaluate his past priorities and antisocial behavior. In a very real sense, the defendant has been born again and given another chance.

For the reasons addressed herein the defense invokes the Court's compassion and mercy, in addition to its wisdom and power, in fashioning a reasonable sentence. The defense

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

recommends the Court sentence the defendant to a term of 51 months confinement, 5 years supervised release, impose the $100 mandatory special assessment and waive all other financial penalties.

Respectfully submitted,

*Robert M. Leen*
Robert M. Leen WSBA #14208
Attorney for Defendant
600 University St. #3310
Seattle, WA 98101
(206) 748-7817  phone
(206) 748-7821  facsimile
bob@leenlaw.com

ADDENDUM TO DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The defendant adopts and incorporates herein the defendant's original sentencing memorandum as well as its attachments and objections and supplemental objections to the Presentence Report.

CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing using the CM/ECF system and I served via facsimile this document any non CM/ECF participants this 30 day of May 2006.

*Robert M. Leen*
Robert M. Leen

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821