DEBORAH M. SMITH
Acting United States Attorney

JAMES BARKELEY
Assistant U.S. Attorney
222 W. 7th Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-3699
Fax: (907) 271-1500
Email: jim.barkeley@usdoj.gov
Alaska Bar No. 8306019

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:02-cr-00100-3-HRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES'** |
| vs. | ) | **RE-SENTENCING** |
| | ) | **MEMORANDUM** |
| RICARDO CRUZAGOSTO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

COMES NOW the United States of America, by and through counsel, and hereby submits its' re-sentencing memorandum in this case.

## SUMMARY

The Ninth Circuit Court of Appeals upheld the defendant's conviction, vacated his life sentence, and remanded for resentencing under 21 U.S.C. § 841(b)(1)(C).  165 Fed. Appx. 527, 529 (9th Cir. 2006).  The government's view is that the Court may now impose any sentence it deems reasonable ( using the U.S. Sentencing Guidelines as one, advisory factor, under 18 U.S.C. § 3553) which does not exceed the statutory maximum of 30 years under 21 U.S.C. § 841 (b)(1)(C).[1] There is clear and convincing evidence  to support a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2) (from 500 grams to 1.5 kilos of cocaine base).  With a base offense level of 36 and a criminal history category of IV, the guideline sentence range is 262-327 months.  All factors considered under 18 U.S.C.  3553, the government recommends the low end of the range as a reasonable sentence.

## DEFENDANT'S RE-SENTENCING ARGUMENTS

The defendant asks the Court to hold him responsible for a minuscule drug quantity (including an argument that a "beyond a reasonable doubt" standard applies), claims his criminal history is overrrepresented, seeks recognition for

---

[1]. The 30-year maximum applies in cases involving prior felony drug offenses, of which the defendant has two. The offense of conviction was committed while he was on escape status from New York.

acceptance of responsibility, and indicates that he might become the victim of an unwarranted sentencing disparity. Each argument is addressed below.

    1.    <u>Drug Quantity</u>

Even post-<u>Booker</u>, drug quantity does not have to be proved beyond a reasonable doubt. <u>U.S. v. Kilby</u>, 443 F.3d 1135, 1140 (9th Cir. 2006).

Even though a mere preponderance would have sufficed, this Court already has found <u>clear and convincing</u> evidence that the defendant was responsible, as a Count 1 convicted co-conspirator, for more than ½ kilo of crack and 20 kilos of cocaine powder.[2]

The Court's attention is respectfully re-directed to government trial exhibits 10a - through - 10t, photographs taken inside the Richardson Vista Apartment. 10h is a photo of the Carr's grocery sack found in "Ricardo's closet" (trial transcript pp. 2-211 – 2-219, Bisono) with Cruzagosto's shirt and identification cards. The

---

[2] <u>Exhibit 1</u> (IOS transcript pp. 10-13). Because the Court's remarks were technically dictum - since this was thought to be a mandatory life sentence case - those findings aren't "law of the case" but may, on remand, be adopted by the Court.
    The Court should do so. However, out of an abundance of caution, the government is re-arguing the trial evidence in this memorandum, and will bring the original trial exhibits (photos admitted into evidence) to court.
    The record in this case overwhelmingly supports drug quantities of ½ kilo of crack and 20 kilos of cocaine - even under the more demanding "clear and convincing" standard. Preponderance is the law. <u>United States v. Ameline</u>, 409 F.3d 1073, 1086 (9th Cir. 2005) (en banc); <u>United States v. Dare</u>, 425 F.3d 634, 642 (9th Cir. 2005); <u>Kilby</u> at 1141, fn.1.

sack (govt. exhibit 18, testimony of DEA chemist Chew @ trial transcript pp. 3-255) contained over 500g of crack.  The crack was wrapped in baggies identical to baggies found in the shirt pocket; and to baggies found (along with Inisotol (cutting agent), 3 scales , and 6 boxes of baking soda ) found in the kitchen of the Richardson Vista apartment the defendant confessed to using and occupying in his drug dealings with Bisono.  The defendant's fingerprints were identified on 2 baggies and a box of baking soda seized from the Richardson Vista stash house(exhibits 26, 27, 28, Bivin's testimony at trial transcript 3-217).

      Therefore, the base offense level is 36.[3]  The government will have a case agent available to offer additional trial testimony after reviewing the trial record.  The agent will also be available to rebut Cruzagosto's meritless "haughty prosecution" argument.  Defense counsel will recall that the government offered Mr. Cruzagosto the last of many chances, in contravention of written office policy, on the day of trial - which would likely have resulted in a sentence more favorable than the one now recommended.

      2.     <u>Acceptance of Responsibility</u>

---

[3] The defendant also called Carlos Climaco at trial, who implicated the defendant in a powder cocaine conspiracy involving 15-50 kilos, which would trigger a base offense level of 34.

As the Court noted previously (exhibit 1) this contention lacks merit.

3. <u>Criminal History</u>

If anything, the defendant' criminal history is under-stated. Throughout the 851 notice process and through IOS (exhibit 1) the defendant never availed himself of the statutory opportunity to collaterally attack the fact of, or nature of, his prior felony drug offenses.[4] There is no basis in the record for a downward departure here - certainly nothing supported by any evidence offered by the defendant. The defendant has failed to meet his burden.

4. <u>Sentencing Disparity</u>

Similarly, no departure here is warranted. As indicated by the table filed by the government in this case (concerning sentencing dispositions of defendants one through six), Mr. Cruzagosto is simply not a <u>similarly- situated</u> defendant under 18 U.S.C. § 3553(a)(6) - which will be more fully explained by the government during the re-sentencing hearing.[5] <u>See</u>, <u>e.g.</u>, <u>United States v. Marcial-Santiago</u>, 447 F.3d

---

[4] The defendant's prior drug offenses are clearly consistent with possession with distributive intent, rather than simple possession. Under (statutorily-based) U.S.S.G. § 4B1.1(b)(B), the defendant would be a level 34, category VI offender-and face the same 262-327 months as calculated above. If the Court has any doubt about whether the 2 prior drug felonies qualify for Career Offender purposes, the Court could err on the side of caution, and not use that guideline as a sentencing factor.

[5] The hearing should be sealed for this limited purpose.

715, 718-719 (9th Cir. 2006).

## CONCLUSION

In light of all the factors enumerated in 18 U.S.C. § 3553(a), including the advisory U.S. Sentencing Guidelines, the defendant should be sentenced to 262 months' incarceration. Such a sentence would not create an unwarranted disparity, because there are no similarly-situated defendants, and all relevant sentences considered the Count 1 conspiracy to involve from ½ to 1.5 kilos of cocaine base, triggering the base offense level of 36. The difference between Mr. Cruzagosto and the others is that he unfortunately had a substantially more serious criminal history, and he did nothing to cooperate or accept responsibility.

RESPECTFULLY SUBMITTED this 19th day of June, 2006, in Anchorage, Alaska.

>
> DEBORAH M. SMITH
> Acting U.S. Attorney
>
> s/ James Barkeley
> JAMES BARKELEY
> Assistant U.S. Attorney
> 222 W. 7th Avenue, #9, Room 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-3699
> Fax: (907) 271-1500
> Email: jim.barkeley@usdoj.gov
> Alaska Bar No. 8306019

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2006,
a copy of the foregoing  was served
via fax on:

Robert M. Leen     Bob@leenlaw.com, r.leen@verizon.net


s/ James Barkeley