1  moment.

2          THE COURT: I'm sorry. Say again.

3          THE INTERPRETER: "I respect whatever decision you
4  might take at this moment. I reserve my right to appeal."

5          THE COURT: Understood. Thank you.

6          THE DEFENDANT: [In English] Thank you, Your Honor.

7          THE COURT: With regard to the first item that Mr.
8  Leen mentions, the quantity of drugs, I find that there is
9  clear and convincing evidence in the record of the trial of
10 this case that Mr. Cruzagosto is responsible for 518.5 grams of
11 cocaine base that were seized in a search of the Richardson
12 Vista apartment. I also find that he was responsible for
13 another 474 grams of cocaine powder that were found in the same
14 place. And that says nothing about my finding and my belief
15 that he was responsible for an additional 20 kilos of cocaine
16 on the basis of the conspiracy that he was involved in that
17 contemplated the importation into the district of 20 kilos of
18 cocaine.

19         He -- he, in my view, knew that that was going on and
20 participated in the -- in that conspiracy. Because he is
21 responsible for more than 500 grams of cocaine base, the report
22 correctly finds that his base offense level would be 36, if we
23 were doing a guideline sentence in this case.

24         The Court also finds that Mr. Cruzagosto was not a
25 minor participant in -- in the conspiracy of which he was

1  convicted.  He -- he participated fully in the use of a stash
2  house, participated in the attempt to import 20 kilos of
3  cocaine powder into the district.  His possessions were kept in
4  that apartment where the large amount of cocaine base was
5  found.  He's not a minor participant.  He's a full participant
6  in the conspiracy.
7         With regard to acceptance of responsibility, I -- I
8  understand and accept the proposition that there can be
9  circumstances where a defendant who has gone to trial may still
10 receive a reduction for acceptance of responsibility.  This is
11 not an appropriate case for that kind of adjustment.
12 Admittedly -- Mr. Cruzagosto admitted some drug dealing right
13 up front.  What he didn't admit, what he denied consistently
14 and went to trial on, was the charge that he was involved in a
15 drug conspiracy.  That's what he's being sentenced for.  And
16 that charge was denied.  He isn't entitled to acceptance of
17 responsibility.
18        All of that, as I've previously suggested, makes no
19 difference.  We have a statutory sentence here because of the
20 two prior felony drug convictions and the third felony drug
21 conviction that comes in this case.
22        THE COURT:  Pursuant to the Sentencing Reform Act
23 of --
24        MR. BARKELEY:  I'm sorry, Your Honor.  I apologize for
25 interrupting.  May I be heard on one matter before the Court

1 | pronounces sentence?
2 | THE COURT: Sure.
3 | MR. BARKELEY: This morning, Your Honor, the Court did
4 | ask the defendant, as is called for by §851 of Title 21 U.S.
5 | Code, whether he admitted or denied the previous convictions.
6 | However, there is a statement additionally to this effect, and
7 | I don't believe the defendant has been given this advisement.
8 | If he has, I apologize, but it's of sufficient import, I think
9 | it's worthy of note here.
10 | The statute appears to require, Your Honor, the Court
11 | to notify the defendant that any challenge to one of the prior
12 | convictions referenced in this case which is not made before
13 | you impose sentence may not be collaterally attacked. It may
14 | not thereafter be raised to attack the sentence. And so again,
15 | I do apologize for interrupting Your Honor, but I would request
16 | that he be given that specific advisement since he hasn't
17 | raised a challenge to either of the two prior convictions.
18 | THE COURT: I thought I said that this morning, but
19 | just in case I didn't --
20 | MR. BARKELEY: Thank you, Your Honor.
21 | THE COURT: -- let's -- let's be absolutely certain
22 | about it. Mr. Cruzagosto, part (b) of Title 21 §851 provides
23 | that I should inform you, and I hereby do inform you, if I
24 | didn't do it this morning, that any challenge to the two prior
25 | drug convictions which we discussed this morning, which has not

1   been made before sentence is imposed, may not thereafter be
2   raised for purposes of attacking my sentence.
3       Now you have denied both of those prior convictions
4   and the court minutes that have already been prepared reflect
5   that you have denied them.  As a consequence, it is my view
6   that you have preserved your right to raise the validity of
7   those two convictions in any subsequent proceedings.
8                   IMPOSITION OF SENTENCE
9       Based upon the jury verdict in this case, it is the
10  judgment of this Court that Ricardo Cruzagosto, also known as
11  Efran Sanchez, be committed to the custody of the United States
12  Bureau of Prisons for imprisonment for a term of life without
13  release.
14      The Court finds that Mr. Cruzagosto does not have the
15  ability to pay a fine or community restitution and, therefore,
16  no such obligation is imposed.  It is, however, ordered that
17  the defendant pay the special assessment of $100, which is
18  mandatory.  It is due and payable to the Clerk of Court
19  forthwith.
20      Mr. Cruzagosto, you have the right to appeal this
21  Court's rulings during the trial of this case and the Court's
22  sentencing decisions in this case to the Ninth Circuit Court of
23  Appeals.  If you wish to take such an appeal and do not have
24  the wherewithal to hire an attorney to assist you on an appeal,
25  an attorney may be appointed to assist you.  An attorney will