NELSON P. COHEN
United States Attorney

THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: thomas.bradley@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 3:02-cr-00100-HRH-03 |
| Plaintiff, | ) |
| | ) GOVERNMENT'S OPPOSITION TO |
| | ) DEFENDANT'S MOTION FOR |
| v. | ) REDUCTION OF SENTENCE |
| | ) PURSUANT TO 18 U.S.C. § 3582(C) |
| RICARDO CRUZAGOSTO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

Plaintiff United States of America, through its counsel of record, Assistant

United States Attorney Thomas C. Bradley, hereby files an opposition to

defendant Ricardo Cruzagosto's motion for reduction of sentence pursuant to 18

U.S.C. § 3582(c). In his motion, defendant relies on a recent retroactive amendment to the United States Sentencing Guidelines which lowered the base offense levels applicable under USSG § 2D1.1 to cocaine base ("crack") offenses.

This amendment is inapplicable to the defendant, as it does not reduce the defendant's sentencing guidelines range. He was already sentenced to a term of imprisonment far below the advisory guideline range, and is entitled to no further reduction.

Defendant was tried and convicted by a jury of conspiracy to distribute controlled substances. At the initial imposition of sentence on April 12, 2004, the Court found by clear and convincing evidence that the amount of drugs involved was at least 500 grams, but not more than 1.5 kilograms of cocaine base, and determined that the defendant's guideline sentencing range was 36 and criminal history category IV. The guidelines provided for a sentencing range of between 262 and 327 months.

The Court also found that the government had properly filed notice of enhanced penalties pursuant to Title 21, United States Code, Section 851, based on two prior drug convictions. The Court sentenced the defendant to life imprisonment, as it was required to do by statute.

The defendant appealed, and the Ninth Circuit affirmed the conviction, but remanded for resentencing pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Cruzagosto, 165 Fed.Appx. 527 (9th Cir. 2006). Defendant was resentenced on June 26, 2006. Because the resentencing took place after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court treated the sentencing guidelines as advisory and imposed a sentence of 168 months, which was significantly below low end of the now-advisory range of 262 months.

The defendant now seeks to have his sentence discounted even more because of the amendments to the crack sentencing guidelines, and asks for a sentence of 120 months. The government's position is that this defendant should have been sentenced to at least 20 years, and that he is not entitled to yet another unwarranted reduction. Even under the crack modifications, his guideline range would be 210-262 months. His sentence is already significantly lower, and his request should be summarily denied.

1. BACKGROUND ON THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's sentence based on a change in the Guidelines, if the Sentencing Commission authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the amendments that may be applied retroactively pursuant to this authority, and it has articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under

---

[1]   Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2nd Cir. 1997).

18 U.S.C. § 3582(c). Revised Section 1B1.10(a), which becomes effective on March 3, 2008, provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>   (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>   (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a given quantity of crack above the applicable mandatory minimum sentence. Under the amendment, the Commission set the offense levels so that the mandatory minimum sentence falls within the range for the quantity of crack that triggers that mandatory minimum penalty. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). The revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of

---

[3] In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months, which encompasses the 60-month mandatory minimum.

The ultimate result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses.

### 2. DEFENDANT'S SENTENCE SHOULD NOT BE REDUCED

Defendant's motion must be denied because, notwithstanding the guideline amendment, the amendment does not have the effect of lowering defendant's guidelines range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced <u>only</u> when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore <u>is not authorized under 18 U.S.C. § 3582(c)(2)</u> if . . . an amendment listed in subsection (c) does not have the

effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although retroactive amendment to career offender guideline changed definition of statutory maximum, amendment did not benefit defendant given that maximum penalty for his offense, bank robbery, was same under either definition, and thus guideline range was same); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (district court correctly denied motion, where defendant's offense level was not altered by subject of retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where sentence actually was based on considerations not affected by retroactive guideline amendment); United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although retroactive amendment reduced defendant's offense level, new level (44) still required sentence of life imprisonment imposed, so district court properly denied motion summarily); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (district court did not abuse its discretion in

denying § 3582(c)(2) motion, where alternative means of sentencing permitted by applicable guideline produced same offense level that applied earlier); <u>United States v. Allison</u>, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where sentence would not be different under new guideline).

### 3. CONCLUSION

For the reasons stated above, the government respectfully requests that the sentence in this case remain unchanged.

RESPECTFULLY SUBMITTED this <u>21st</u> day of July, 2008, at Anchorage, Alaska.

NELSON. P. COHEN
United States Attorney


 s/Thomas C. Bradley
THOMAS C. BRADLEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-5011
Email: thomas.bradley@usdoj.gov

Certificate of Service

I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on July 21, 2008, via:

    (X) Electronic case filing notice

Robert M. Leen

s/ Thomas C. Bradley